### JAMES HYDE *vs.* THE COUNTY OF MIDDLESEX.

The declarations of an owner of land, made after removing a building standing thereon, about dedicating the land to the public use, are admissible in evidence against a subsequent owner of the land.

Steps, projecting from the door of a house, over land taken for a highway, are obstructions to the highway, and must be removed by the owner of the land, and are to be included in the assessment of the damages occasioned by such taking of his land; and so of eave spouts and bay windows, if they interfere with the public use of the entire limits of the highway.

PETITION for a jury to assess the damages sustained by the petitioner by the taking of his land to straighten a highway in Medford. A trial was had before the sheriff, who, at the request of the petitioner, made the following certificate of his rulings:

" The respondents offered to show that one Turell Tufts, who formerly owned the estate in question, dedicated to the public that portion of the estate included in the location of the highway by the commissioners, and called a witness of whom they asked this question : ' Whether at any time, while Turell Tufts owned the estate now owned by James Hyde, and after the building thereon was removed back, he heard said Tufts say any thing about dedicating the land in front of said building to the public, and if so, what ? ' To this question the petitioner objected, but the objection was overruled, and the question was permitted to be asked and answered.

" It also appeared that the steps, and conductors of the eave spouts, and a bay window of Hyde's building projected over the line of the highway, as established by the commissioners, some few inches ; and in relation thereto the sheriff instructed the jury that if the steps, conductors and windows were obstructions to the public use of the highway, in the judgment of the jury as practical men, and would have to be removed, they should be included in the assessment of damages ; otherwise they were not to be so considered."

*E. Buttrick*, for the petitioner. 1. The declarations of Tufts were improperly admitted in evidence. The declarations of a grantor or former owner of land, when no controversy about it existed, are inadmissible to defeat the title of a subsequent owner. *Bartlet* v. *Delprat,* 4 Mass. 702. *Clarke* v. *Waite*, 12 Mass. 439. The public may acquire a way by dedication and user ; but the acquisition is not to be proved by declarations alone. Declarations, accompanied by acts, are admissible in evidence ; but not naked declarations. *Van Deusen* v. *Turner*, 12 Pick. 532.

2. The instructions of the sheriff, in relation to the steps, bay window and water conductors, which projected over the line of the street as laid out by the commissioners, were erroneous.

*I. S. Morse*, for the respondents. 1. The declarations of Tufts, made while he owned the land, and before any controversy had arisen, and in explanation of an act which he had done at or about that time, were admissible, as part of the *res*

*gestæ*, to show his purpose in removing the building. 1 Greenl. Ev. §§ 109, 110, 111. *Thorndike* v. *Boston*, 1 Met. 242, 247. The intention of the party is necessary to be proved in order to establish a dedication, and cannot so well be proved in any other way as by his own contemporaneous declarations.

2. The instructions to the jury were correct. The owner of the soil, over which a street is laid out, may use it in any man ner which does not interfere with its convenient use by the public. *Perley* v. *Chandler*, 6 Mass. 454. *Adams* v. *Emerson*, 6 Pick. 57. *Tucker* v. *Tower*, 9 Pick. 109. *Robinson* v. *Borman*, 1 Pick. 122. *Makepeace* v. *Worden*, 1 N. H. 16. The way was dedicated, with the steps, conductors and bay window projecting; and none of them interfered with the convenient use of the way by the public. The steps alone reached the ground, and were used as they had always been. It is a well established custom to permit the use of steps projecting over the highway in front of buildings. The effect of the instructions was, that if the obstructions were of such a character that they must probably be removed, the petitioner was entitled to damages therefor.

DEWEY, J. 1. The court perceive no objection to the admission of the evidence tending to show that Tufts, the former owner of the land, after having removed a building from a part of the land taken for a highway, made certain declarations as to dedicating to the public the land thus vacated. Land may be thus dedicated; and the declarations of the owner, indicating such purpose, are competent evidence, to be taken in connection with other facts, to establish the dedication. Such evidence is not to be rejected upon the ground that the declarations of a former owner of land, while owner, are inadmissible to defeat the title of a subsequent purchaser. The case does not fall within the class of cases cited by the petitioner.

2. But the instruction to the jury was erroneous. The petitioner claimed damages for the effect which the location of the road would have upon his future use of certain door steps standing on the land taken for a highway, and also of a conductor of the eave spouts, and a bay window, projecting over

23 *

the line of the highway, as established. As to this claim for damages, the jury were instructed, that if they, as practical men, believed these constituted no obstruction to the public use of the highway, the petitioner would be entitled to no damages.

This ruling assumed that the right of the petitioner to con tinue these fixtures would depend upon the fact whether they were actual obstructions to the use of the highway. This, as respects the steps at least, was a wrong view of the matter. They were obstructions on the surface of the road; and, as such, were liable to be removed. The petitioner was subject to an indictment for a nuisance by continuing them on the highway, irrespective of the fact whether they incommoded the public travel. By the location of a highway, the public acquire an easement coëxtensive with the exterior limits of such highway. An occupation of any part of a highway, by the erection and use of any fixture, or a deposit of any timber or other articles, is a nuisance, and subjects the party to an indictment. This point was directly decided in *Commonwealth* v. *King*, 13 Met. 115.

The jury should have been instructed, as to the steps, that it would be the duty of the petitioner to remove them; and if he permitted them to remain, it would be at the hazard of being indicted for a nuisance.

As to the conductor of the eave spouts and the bay window, the rule might be different, if they were at such an elevation from the surface of the highway as to withdraw them from it, and from interfering with the use of the entire limits of the highway, or in any way affecting the same.

*Verdict set aside.*